FRANK CONSERVA, as Administrator, etc., of CLARA CONSERVA, Deceased, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Action upon two industrial policies issued on the life of plaintiff's intestate on October 3, 1932, which policies contained a provision that they were not to be in effect if " insured be not in sound health " when the policies issued. Judgment of the City Court of Yonkers in favor of plaintiff and order denying motion to set aside the verdict unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Taylor, JJ.

EAST HAMPTON LUMBER AND COAL COMPANY, LTD., a Domestic Corporation, Appellant, v. DOUGLAS HERRICK, Respondent.— In an action for goods sold and delivered, judgment of the County Court of Suffolk county in favor of the defendant reversed on the law and the facts, without costs, and judgment directed in favor of the plaintiff in the sum of $248.84, with costs. The contract is ambiguous. However, read in the light of the interpretation placed thereon by the parties, by their course of dealings and their conduct, it is evident that it was intended that the contractor should be liable for the materials ordered by him for use on the job and that he should be reimbursed by the owner upon certificates approved by the architect. The sum of $578 was paid by the contractor to the owner upon adjustment after the contractor ceased work. This amount should be applied by the defendant towards liquidating the indebtedness of the contractor. The amount of goods ordered by the contractor and for which he is liable is $1,080.01. He is credited with the amount paid by him and for material returned together amounting to $338.74. He is also entitled to have credited the sum of $578, the amount returned to the defendant which was computed as owing to the plaintiff in the adjustment. The amount owing by the defendant for materials delivered after the contractor stopped work is $437.87. The total amount paid by the defendant is $767.03, from which amount must be deducted the sum of $578, paid by the contractor to the defendant on the adjustment between them. The defendant, therefore, has paid but $189.03, when $437.87 was owed, leaving the balance due the plaintiff from the defendant of the sum of $248.84, for which it is entitled to judgment. Order in so far as it denies the motion to set aside the verdict reversed and the motion to that effect granted. In so far as it denies the motion for a new trial, the order is unanimously affirmed. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.

4111 REALTY CORPORATION, Respondent, v. WILLIAM GUIDERA and Another, Defendants, and PETER PIFFATH, Appellant.— In an action for specific performance of agreements executed by the defendants, order denying motion of the defendant Piffath to dismiss the complaint and for judgment on the pleadings affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.